## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-113

HAROLD MASON

VERSUS

SHERIFF KENNETH HEDRICK, ET AL.

**\*\*\*\*\*\*\*\*\*\***

SUPERVISORY WRIT FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 49,292
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Billy H. Ezell, and Jonathan W. Perry, Judges.

## WRIT GRANTED AND MADE PEREMPTORY.

Freeman R. Matthews
Timothy R. Richardson
Ronald S. Bryant
Usry, Week & Matthews, APLC
1615 Poydras Street, Suite 1250
New Orleans, LA 70112
(504) 592-4600
COUNSEL FOR DEFENDANT/RESPONDENT:
    Sheriff Kenneth Hedrick

**Donna U. Grodner**
**Grodner & Associates, APLLC**
**2223 Quail Run, B-1**
**Baton Rouge, LA 70808**
**(225) 769-1919**
**COUNSEL FOR PLAINTIFF/APPLICANT:**
    **Harold Mason**

**Gregory A. Grefer**
**Miracle & Associates**
**1 Sanctuary Blvd., Suite 202**
**Mandeville, LA 70471**
**(985) 727-3411**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **Sherie Jacobs, Mayor of the Town of Ferriday**
    **Officer Anthony Hawkins**

**SAUNDERS, Judge.**

The Plaintiff-Relator, Harold Mason, seeks supervisory writs from the judgment of the seventh judicial district court, the Honorable John Reeves presiding, which denied the Relator's Motion to Proceed in Forma Pauperis and Amended Motion for Notice of Appeal.

## STATEMENT OF THE CASE

The instant case arises from injuries sustained by the Relator while trimming trees as an inmate and trusty at the River Correctional Center. While another inmate was operating a chain saw, the Relator's left arm was severed. When the Relator first filed suit for damages, he moved to proceed in forma pauperis as an inmate, and the motion was granted on July 15, 2015. After the Relator was released from prison, he filed a second motion to proceed in forma pauperis which was granted on February 22, 2016. On August 23, 2018, summary judgment was granted in favor of the Defendants, dismissing the Relator's claims.

The Relator sought an appeal of the ruling on August 29, 2018. On September 10, 2018, the Relator was granted a devolutive appeal with a return date of October 25, 2018. On September 13, 2018, the clerk of court issued the estimated costs for a suspensive appeal. In response, on or about October 22, 2018, the Relator filed a Motion to Proceed in Forma Pauperis and an Amended Motion for Notice of Appeal wherein he stated that he was proceeding in forma pauperis and prayed for a devolutive appeal. On November 19, 2018, the motion for pauper status was summarily denied "due to income of Defendant and spouse[,] and there is no affidavit of a witness attached." Also, the amended motion for appeal was denied as filed "as defendant has been denied pauper status by the court and pursuant to CCP 2128[,] the requested designation of the partial record by defendant is untimely."

Notice of the judgments was mailed to the parties on November 21, 2018. The Relator is now before this court on writs seeking review of these two rulings.

## ON THE MERITS

The Relator argues that at the time the return date for an appeal was entered, he had a pauper order in place that should have allowed him to proceed in forma pauperis on appeal. The Relator refers to La.Code Civ.P. art. 5185, which reads:

A. When an order of court permits a party to litigate without the payment of costs until this order is rescinded, he is entitled to:

(1) All services required by law of a sheriff, clerk of court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding, including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal;

(2)(a) The right to the compulsory attendance of not more than six witnesses for the purpose of testifying, either in court or by deposition, without the payment of the fees, mileage, and other expenses allowed these witnesses by law. If a party has been permitted to litigate without full payment of costs and is unable to pay for witnesses desired by him, in addition to those summoned at the expense of the parish, he shall make a sworn application to the court for the additional witnesses. The application must allege that the testimony is relevant and material and not cumulative and that the defendant cannot safely go to trial without it. A short summary of the expected testimony of each witness shall be attached to the application.

(b) The court shall make a private inquiry into the facts and, if satisfied that the party is entitled to the privilege, shall render an order permitting the party to subpoena additional witnesses at the expense of the parish. If the application is denied, the court shall state the reasons for the denial in writing, which shall become part of the record.

(3) The right to a trial by jury and to the services of jurors, when allowed by law and applied for timely; and

(4) The right to a devolutive appeal, and to apply for supervisory writs.

B. He is not entitled to a suspensive appeal, or to an order or judgment required by law to be conditioned on his furnishing security other than for costs, unless he furnishes the necessary security therefor.

2

C. No public officer is required to make any cash outlay to perform any duty imposed on him under any Article in this Chapter, except to pay witnesses summoned at the expense of the parish the witness fee and mileage to which they are entitled.

The Relator also cites La.Code Civ.P. art. 5184, which provides for the traversal of a pauper order as follows:

A. An adverse party or the clerk of the court in which the litigation is pending may traverse the facts alleged in the affidavits of poverty, and the right of the applicant to exercise the privilege granted in this Chapter, by a rule against him to show cause why the order of court permitting him to litigate, or to continue the litigation, without paying the costs in advance, or as they accrue, or furnishing security therefor, should not be rescinded. However, only one rule to traverse the affidavit of poverty shall be allowed, whether the rule is filed by an adverse party or the clerk of court.

B. The court shall rescind its order if, on the trial of the rule to traverse, it finds that the litigant is not entitled to exercise the privilege granted in this Chapter.

The Relator argues that the clerk of court did not file a rule to traverse his pauper order, but instead, simply advised that the record would not be lodged without payment of the estimated costs of the appeal. Further, the Relator asserts that the trial court, upon granting the appeal and setting a return date, may have been divested of jurisdiction to consider such a rule. The Relator refers to La.Code Civ.P. art. 2088, regarding the divesting of jurisdiction of the trial court:

A. The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:

(1) Allow the taking of a deposition, as provided in Article 1433;

(2) Extend the return day of the appeal, as provided in Article 2125;

(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;

3

(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;

(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;

(6) Grant an appeal to another party;

(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;

(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;

(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or

(10) Set and tax costs and expert witness fees.

B. In the case of a suspensive appeal, when the appeal bond is not timely filed and the suspensive appeal is thereby not perfected, the trial court maintains jurisdiction to convert the suspensive appeal to a devolutive appeal, except in an eviction case.

There is no dispute that the Relator had a pauper order in effect at the time he filed his motion for appeal. Once the trial court granted the Relator a devolutive appeal and set the return date, it no longer had jurisdiction to consider the motions at issue. La.Code Civ.P. art. 2088. Additionally, rather than filing a rule to traverse the Relator's pauper order as provided in La.Code Civ.P. art. 5184, the clerk of court erroneously advised the Relator that the record would not be lodged without payment of the estimated costs of the appeal. Accordingly, the writ is granted, the trial court's rulings vacated and set aside, and the clerk of court ordered to lodge the appellate record per the trial court's September 10, 2018 order granting a devolutive appeal.

**WRIT GRANTED AND MADE PEREMPTORY.**

4